UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON ,<br><br>Plaintiff,<br><br>v.<br><br>KURT A. BENSHOOF,<br><br>Defendant. | CASE NO. 2:24-mc-60-JNW<br><br>ORDER |

    Defendant Kurt Benshoof purports to remove his Seattle Municipal Court criminal cases, Nos. 676492, 676463, 676216, 676207, 676175, 675405, 671384, 656748, 669329, to this Court under 28 U.S.C. § 1443. Dkt. No. 1.

    Under narrow circumstances, a petitioner can remove a state criminal case to federal court if the petitioner "is denied or cannot enforce in the [state] courts . . . a right under any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1).The petitioner seeking removal must satisfy a two-part test: (1) the petitioner must assert "as a defense to the prosecution, rights that are given to [the petitioner] by explicit statutory enactment protecting equal racial civil rights"; and (2) the petitioner cannot enforce their rights because of "a state statute or a

**ORDER** - 1

constitutional provision that purports to command the state courts to ignore federal rights." *Washington v. Rudder*, No. CV-14-3156-LRS, 2014 WL 5427981, at *1 (E.D. Wash. Oct. 23, 2014) (quoting *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (cleaned up). Benshoof satisfies neither criterion—he does not assert a defense based on a statute protecting racial civil rights.

Accordingly, Benshoof's proposed removal is defective and this Court does not have subject matter jurisdiction over this case. The Court therefore REMANDS the action to the state court and terminates all pending motions.

Dated this 16th day of January, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 2